**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN HERRERA,<br><br>        Petitioner,<br><br>     v.<br><br>SECRETARY OF CORRECTIONS,<br><br>        Respondent. | ) Case No. CV 17-5874-CJC (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>) |

The Court has reviewed the Petition and First Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On June 7, 2018, Petitioner filed objections, in which he mostly repeats arguments and attaches exhibits already considered in prior filings.[1] Some attachments, however, appear never to have been submitted to the state court and thus cannot be considered here. (See, e.g.,

---

[1] On April 9, 2018, the Court received notice from Petitioner that he had recently filed a habeas petition in the state supreme court. See also Cal. App. Cts. Case Info., https://appellatecases.courtinfo.ca.gov/ (search case no. S248049) (filed Apr. 4, 2018; signed Mar. 30, 2018) (last visited July 6, 2018). Because that petition was filed well after the AEDPA limitation period had expired, he is entitled to no statutory (or equitable) tolling for it. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Objs., pt. 10 at 19 (photograph), 35 (attorney authorization, in Spanish, signed by Petitioner),[2] 40-43 & 45 (correspondence from California Innocence Project));[3] see Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011). Plaintiff's other arguments and evidence were thoroughly addressed and rejected in the R. & R., but some require brief discussion.

Petitioner suggests that the untimeliness of his Petition should be overlooked because he is "actual [sic] innocent" of victim Valeria H.'s "false allegations." (See Objs. at 101.) Her testimony would supposedly have been "discredit[ed]" by such "newly discovered" evidence as the "excluded" testimony of Petitioner's son (see, e.g., id. at 35-36, 40, 78, 82, 97) and pictures showing that she and Petitioner — her father — were "close" (see, e.g., id. at 52-53, 85, 86, 95-96). As discussed in the R. & R., most of this evidence is not actually new. (See R. & R. at 29-39.)

Moreover, the standard for an actual-innocence claim is strict: actual innocence means "factual innocence" as opposed to "mere legal insufficiency," and a petitioner must show that it is

---

[2] In his earlier pleadings, Petitioner argued that he deserved tolling because he was "ignoran[t] . . . of the English language." (Opp'n at 46.) The Magistrate Judge rejected the argument because he had regularly demonstrated proficiency in English, given his many handwritten, English-language filings and letters. (R. & R. at 16-19.) In his objections, he admits in passing to having personally written the September 10, 2015 English-language letter to the California Supreme Court. (Objs. at 5.)

[3] The Court uses the pagination generated by its Case Management/Electronic Case Filing system for documents not consecutively paginated.

"more likely than not that no reasonable juror would have convicted him" in light of the "new evidence." See Bousley v. United States, 523 U.S. 614, 623 (1998); Schlup v. Delo, 513 U.S. 298, 321 (1995). Petitioner here claims that his son, an alleged "eyewitness" (Objs. at 35), would contradict Valeria H.'s testimony (id. at 97), but he fails to present a declaration or other evidence indicating how his son's testimony would refute the crimes he was convicted of or show that he was actually innocent. Even if such a declaration had been submitted, Petitioner's failure to present it to the state court would prevent the Court from considering it here. See Pinholster, 563 U.S. at 181-82.

At best, the son's purported proposed testimony — and apparently some family photographs — would have supported Petitioner's "character" and undermined Valeria H.'s (see id. at 35, 40, 52-53 78), but such evidence falls far short of the Schlup standard. See Bibbs v. Pfeiffer, No. CV 15-2365 PA (AFM), 2015 WL 10354777, at *8 (C.D. Cal. Dec. 11, 2015) (dismissing petition as untimely and rejecting actual-innocence claim in part because witness's allegedly "false accusation" was at best impeached by "new evidence," not "refuted"), accepted by 2016 WL 738271 (C.D. Cal. Feb. 23, 2016). Furthermore, Petitioner presents no evidence regarding his trial counsel's strategy for not calling his son to testify; even assuming he was willing and competent to do so, she could have reasonably believed that his testimony, as a minor who loved his dad, would not carry much weight. See Gentry v. Sinclair, 705 F.3d 884, 899-900 (9th Cir. 2013) (as amended) (upholding reasonableness of trial counsel's

failure to obtain witness when petitioner presented no relevant affidavits explaining that decision and it was possible witness would not have been "useful to the defense" or that "counsel [may have been] concerned about opening the door to damaging rebuttal").

In any event, as discussed in the R. & R. (see R. & R. at 34-37), the jury considered substantial evidence discrediting Valeria H. and still convicted Petitioner; he thus fails to show that it is more likely than not that no reasonable juror would have convicted him in light of the "newly discovered" evidence. See Bolin v. Grounds, No. SACV 11-00256 PSG (SS), 2011 WL 1692149, at *9 (C.D. Cal. Apr. 15, 2011) (rejecting actual-innocence claim because petitioner "failed to submit any new evidence demonstrating his factual innocence"; he "merely assert[ed] that his trial was 'contaminated' with false evidence 'manufactured by the prosecution'" (citation omitted)), accepted by 2011 WL 1672033 (C.D. Cal. May 4, 2011).[4]

---

[4] Petitioner raises other claims and evidence, all of which were presented in earlier pleadings: his "28" character witnesses (see Objs. at 12, 34, 37, 39), the "false" testimony of Valeria H.'s husband (see id. at 14, 54, 64, 71, 84-85), and the fact that victim Rosa M. was menstruating at the time of the sexual abuse (see id. at 24, 61-63). They, like the claims and evidence discussed above, are conclusory or were already presented at trial. See Newman v. Warden, No. CV 16-04198 BRO (RAO), 2016 WL 7052025, at *1 (C.D. Cal. Dec. 5, 2016) (rejecting actual-innocence claim when petitioner identified two uncalled witnesses but failed to "describe what their testimony would have been had they testified, why the witnesses [were] reliable, or how their testimony would necessarily show that, in light of this new evidence, no reasonable juror would have convicted him"); George v. Allison, No. CV 11-5730-SJO (PLA), 2011 WL 7111912, at *7 (C.D. Cal. Dec. 14, 2011) (rejecting actual-innocence claim when petitioner's arguments "concern[ed] witness testimony and other

4

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court accepts the Magistrate Judge's findings and recommendations.

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition and FAP as untimely, denying Petitioner's stay motion as moot, and dismissing this action with prejudice.

DATED: July 12, 2018

CORMAC J. CARNEY
U.S. DISTRICT JUDGE

---

evidence that was presented to the jury" and "none of the assertions exonerate[d] him or prove[d] that a different individual committed the crimes for which he was convicted"), accepted by 2012 WL 261191 (C.D. Cal. Jan. 27, 2012).

5